NO. 07-09-0138-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 20, 2009
_____

DAVID RUFUS BUTLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 20302-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ON ABATEMENT AND REMAND**

Appellant, David Rufus Butler, appeals from his conviction for burglary of a habitation and sentence, pronounced on April 15, 2009, of 50 years incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant filed notice of appeal on April 28, 2009. The clerk's record was filed on June 15, 2009. The reporter's record was due on June 15, 2009. However, on June 22, 2009, the reporter requested an extension of time to file the record due to her caseload being "unmanageable." The Court granted this extension request, making the reporter's record due on July 15, 2009. On July 14, 2009, the reporter again filed a request for extension of time to file the record indicating that she has a backlog of records to complete. Attached to the motion, is a log that

indicates that the reporter currently has 11 records that need to be transcribed totaling approximately 5,620 pages.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. See TEX. R. APP. P. 35.3(c). Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine whether the reporter's caseload is such that an alternate or substitute reporter should be appointed to complete the record in this appeal in a timely manner. If so, the trial court is directed to take whatever steps are necessary to ensure that the reporter's record in this appeal is filed as soon as practicable.

The trial court shall cause the hearing to be transcribed. In addition, the trial court shall (1) execute findings of fact and conclusions of law addressing the foregoing issues, (2) cause a supplemental clerk's record to be developed containing its findings of fact and conclusions of law and any orders it may issue relating to this matter, and (3) cause a reporter's record to be developed transcribing the evidence and arguments presented at the aforementioned hearing, if any. The trial court shall then file the supplemental clerk's record and any reporter's record transcribing the hearing with the clerk of this Court on or before August 20, 2009. Should further time be needed by the trial court to perform these tasks, same must be requested before August 20, 2009.

It is so ordered.

Per Curiam

Do not publish.

2